UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIA D. MOLLICA, | No. 2:19-cv-2017 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, ET AL., | |
| Defendants. | |

On June 4, 2021, this matter came before the undersigned for hearing of plaintiff's motion to compel pursuant to Local Rule 302(c)(1). (ECF No. 40.) Attorney Paul Masuhara appeared via Zoom on behalf of plaintiff. Attorney John Whitefleet appeared via Zoom on behalf of the defendants.

In this action, plaintiff alleges to have "sustained a severe foot injury while incarcerated at the Sacramento County Main Jail but was denied necessary medical care and treatment by" the defendants. (Am. Compl. (ECF No. 20) at 1.) In the Joint Statement, plaintiff explains that "[t]hrough the instant motion [to compel], Plaintiff seeks vital and foundational Monell discovery." (JS (ECF No. 48) at 2.)

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

1

    discovery in resolving the issues, and whether the burden or expense
    of the proposed discovery outweighs its likely benefit.  Information
    within this scope of discovery need not be admissible in evidence to
    be discoverable.

Fed. R. Civ. P. 26(b)(1).  "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

  "The party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)).  "[O]bjections not raised in a written response to discovery may not be raised for the first time in a discovery motion." O. L. v. City of El Monte, Case No. 2:20-cv-0797 RGK (JDEx),  2021 WL 926105, at *3 (C.D. Cal. Jan. 11, 2021). "Similarly, objections asserted in discovery responses but not raised in briefing on a discovery motion are also waived."[1]  (Id.)

  **1.**  **Plaintiff's Interrogatory No. 8**

  This interrogatory seeks the identity of "each complaint/grievance of jail staff's alleged failure to provide medical care . . . from May 4, 2018 to May 4, 2020[.]"  (Id. at 3.)  In the Joint Statement defendants assert that this request is vague because plaintiff "does not define what is meant by 'medical care."  (Id. at 7.)  Defendants, however, do not explain why the phrase medical care is vague, beyond the assertion that the phrase "could mean a whole assortment of categories such as dental care, vision, disease, medications[.]"  (Id.)

////

---

[1] Defendants' argument, both in the Joint Statement and at the June 4, 2021 hearing, frequently assert a passing reference to an argument or objection while addressing an entirely different objection.  For example, in briefing an argument as to "Vagueness" defendants conclude by arguing the discovery is not "relevant to this case[.]"  (JS (ECF No. 48) at 7-8.)  In briefing an argument as to "Relevance" defendants insert a vague reference to privacy.  (Id.)  In evaluating plaintiff's motion, the undersigned has fully considered the Joint Statement and all arguments asserted therein.  Above, the undersigned has attempted to address defendants' primary objections/argument that are supported by sufficient briefing.

"'The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. The responding party should exercise common sense and attribute ordinary definitions to terms in discovery requests.'" Bryant v. Armstrong, 285 F.R.D. 596, 606 (S.D. Cal. 2012) (quoting Swackhammer v. Sprint Corp., 225 F.R.D. 658, 662 (D. Kan. 2004)). The undersigned's ordinary definition of medical care would include the very categories identified by defendants, i.e., the failure to provide dental care, vision care, treatment for disease, and/or treatment concerning medication.

Defendants also argue that plaintiff has failed to establish relevancy, asserting that plaintiff "has made no attempt to . . . explain how" complaints related to "all medical care" are relevant to plaintiff's foot/ankle injury. (JS (ECF No. 48) at 8.) Plaintiff's Monell claim, however, is not limited to only the treatment of foot/ankle injuries. As acknowledged by defendants, "Plaintiff's Monell claim is . . . based on an alleged failure to provide 'necessary medical treatment to inmates housed at jail facilities' and alleged failure to 'transfer inmates . . . to medical facilities where necessary medical treatment is available[.]" (Id. at 8.)

"District courts addressing discovery-related disputes in cases involving Monell claims have routinely recognized that such claims often require a broad and substantial amount of discovery that would not be involved if the plaintiff sued only the individuals directly involved in the deprivation of his rights." Awalt v. Marketti, No. 11 C 6142, 2012 WL 6568242, at *3 (N.D. Ill. Dec. 17, 2012). Here, the undersigned finds plaintiff's discovery request, both specifically as to this request and in their entirety, are relevant to plaintiff's Monell claim. See generally Terry v. County of Milwaukee, Case No. 17-CV-1112 JPS, 2018 WL 1411234, at *2 (E.D. Wis. Mar. 21, 2018) ("As it stands, however, her Monell claim embraces a broader theory that Armor ignored or totally failed to provide health care to inmates, including, as one example, the specific instance of Plaintiff's March 2014 childbirth. Her discovery requests are, therefore, necessary to fully probe the bases for her Monell claim."); Awalt, 2012 WL 6568242, at *5 (as to Monell claim concerning inadequate medical care finding "discoverable any documents reflecting detainees' medical issues, including grievances and complaints, screening forms, patient charts

////

3

and notes, MARs, prescription drug ordering and shipping information, and any correspondences relating to detainee health issues").

Both in the Joint Statement and at oral argument defendants made a vague and conclusory assertion that responding to this request will be burdensome. (JS (ECF No. 48) at 9-10.) However, the very nature of a Monell claim often necessarily implicates burdensome, but not unduly burdensome, discovery. See Awalt, 2012 WL 6568242 at *7 ("the fact that Monell claims implicate a potentially large number of events taking place in an organization over a period of time, they naturally, and necessarily require extensive and often burdensome discovery").

Moreover, "[i]n opposing discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents." Cory v. Aztec Steel Bldg., Inc., 225 F.R.D. 667, 672 (D. Kan. 2005). Here, both in the Joint Statement and at oral argument defendants were unable to provide any facts justifying their objection, beyond the vague and conclusory assertion that "Adult Correctional Health Services did not track medical grievances during the time."[2]

### 2. Plaintiff's RFP Nos. 48-55

Each of these requests seeks the production of "[t]he investigation of the alleged failure to provide necessary medical care to a detainee giving rise to" a particular identified civil action filed in this court (e.g., Soto v. County of Sacramento, Mays v. County of Sacramento, etc.) Defendants again argue that these requests are not relevant because they "stem from entirely different factual scenarios[.]" (JS (ECF No. 48) at 17.) For the reasons articulated above, the undersigned disagrees and finds these requests relevant to plaintiff's Monell claim.

However, the undersigned does find persuasive defendants' argument that these requests are not sufficiently particular. Specifically, the requests are not limited to investigations conducted by defendants or by any temporal limitation. Accordingly, below the undersigned will

---

[2] At the June 4, 2021 hearing, however, counsel for defendants stated that medical grievances were included in inmate files.

4

limit the production to investigations conducted by defendants prior to plaintiff's release from custody on June 16, 2019.  (Am. Compl. (ECF No. 20) at 9.)

### 3. Plaintiff's RFP Nos. 56 & 57

These requests seek production of each complaint (RFP No. 56) and the investigation into (RFP No. 57) the alleged failure to provide necessary medical care to a detainee from January 2018 to January 2021.  (JS (ECF No. 48) at 18-19.)  Defendants' "Position" asserts that "Defendant will produce medical grievances, related to orthopedic surgery, from fiscal year 2019 to 2020" pursuant to the parties' stipulated protective order.  (Id. at 21.)  Defendants do not provide any further argument in opposition to these requests.  To the extent defendants intended to rely on their arguments related to relevance and/or burden, the undersigned would find those arguments unpersuasive for the reasons articulate above and at the June 4, 2021 hearing.

### 4. Plaintiff's RFP Nos. 58 & 59

Through these requests plaintiff seeks production of the personnel files of defendant Tammy Morin and defendant Nancy Gallagher.  (JS (ECF No. 48) at 21-22.)  Defendants "agree with Plaintiff that performance evaluations and disciplinary records . . . could be relevant to Plaintiff's claims."  (Id. at 23.)  Defendants, however, "disagree that remaining documents," such educational records, letters of recommendation, letters of commendation, etc., are relevant.  (Id.)

The defendants' personnel files, which might include documents such as letters of commendation and/or educational records, speak to both the caliber of defendant as an employee and whether the County was aware of the caliber of their employee.  In this regard, such documents are relevant to plaintiff's Monell, intentional infliction of emotional distress, and negligence claims.  Defendants also raise a privacy objection.  (JS (ECF No. 48) at 24.)  However, such privacy concerns can be easily addressed by a protective order.  See Doe v. Gill, No. C 11-4759 CW (LB), 2012 WL 1038655, at *4 (N.D. Cal. Mar. 27, 2012) ("officers' privacy concerns may be sufficiently protected with the use of a 'tightly drawn' protective order").

### 5. Plaintiff's Request for Expenses

Plaintiff seeks an award of expenses.  (JS (ECF No. 48) at 24-25.)  When the court grants a motion to compel it must "after giving an opportunity to be heard," award "reasonable expenses

5

incurred in making the motion, including attorney's fees," unless the "opposing party's position was 'substantially justified' or that 'other circumstances make an award of expenses unjust.'" Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020) (quoting Fed. R. Civ. P. 37(a)(5)(A)).

Here, while the undersigned found defendants' arguments largely unpersuasive, they were nonetheless substantially justified. In this regard, defendants' arguments were partially persuasive. Defendants attempted to support their arguments with legal authority. And the nature of the parties' dispute is such that reasonable minds could disagree. Accordingly, the undersigned will deny plaintiff's request for expenses.

## CONCLUSION

Upon consideration of the arguments on file and those made at the June 4, 2021 hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 15, 2021 motion to compel (ECF No. 46) is granted in part and denied in part;

2. Plaintiff's RFP Nos. 48-55 are modified to so as to apply to investigations—including interviews, statements, correspondence, video/audio recordings, reports, and memos—conducted by defendants prior to June 16, 2019, of the alleged failure to provide necessary medical care to a detainee giving rise to the identified civil action;

3. Within twenty-one days of the date of this order defendant shall produce the responsive discovery[3]; and

4. Plaintiff's request for expenses is denied.

DATED: June 14, 2021            /s/ DEBORAH BARNES
                                UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/mollica2017.oah.060421

---

[3] This production may be made, in whole or part, pursuant to a stipulated protective order. If the parties cannot reach agreement on a stipulation, defendants may submit a proposed protective order solely as to the documents responsive to plaintiff's RFP Nos. 58 & 59.