UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lia D. Mollica,<br><br>            Plaintiff,<br><br>    v.<br><br>County of Sacramento, et al.,<br><br>            Defendants. | No. 2:19-cv-02017-KJM-DB<br><br>ORDER |

Lia D. Mollica moves to strike several affirmative defenses from the defendants' answers to her amended complaint under Federal Rule of Civil Procedure 12(f). The court **grants the motion in part and denies it in part**.

**I.    BACKGROUND**

Mollica alleges she severely injured her foot falling from the top bunk of her bed in the Sacramento County Main Jail. *See generally* Am. Compl., ECF No. 20. She also alleges she was denied necessary medical care. *See generally id.* She asserts claims against the County of Sacramento, the Sacramento County Sheriff's Department, and several individual officers, citing 42 U.S.C. § 1983, the Rehabilitation Act, the Americans with Disabilities Act, California Government Code section 845.6, the Tom Bane Civil Rights Act, and California tort law. *See id.* ¶¶ 6–11, 70–119.

/////

1

The defendants have answered Mollica's allegations. *See* County Defs.' Answer, ECF No. 22; Indiv. Defs.' Answer, ECF No. 29. They deny liability and assert thirteen affirmative defenses, detailed below, which Mollica moves to strike under Rule 12(f). *See* Mot. Strike County, ECF No. 24; Mot. Strike Indiv. Defs., ECF No. 30.[1] The defendants oppose the motions, which are now fully briefed, and the court submitted them without oral argument. *See* County Defs.' Opp'n, ECF No. 26; Reply County Defs., ECF No. 28; Indiv. Defs.' Opp'n, ECF No. 31; Reply Indiv. Defs., ECF No. 32; Minute Orders, ECF Nos. 27, 33.

## II. LEGAL STANDARD

The court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A defense may be insufficient (1) as a matter of pleading or (2) as a matter of law. *Cal. Brewing Co. v. 3 Daughters Brewing LLC*, No. 15- 02278, 2016 WL 4001133, at *1 (E.D. Cal. Jul. 26, 2016).

An affirmative defense is insufficient as a matter of pleading if it does not provide "fair notice" of the defense to the plaintiff.[2] *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam). An answer provides fair notice of an affirmative defense if it identifies "the nature and grounds for the affirmative defense." *Dodson v. Munirs Co.*, No. 13-0399, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013). This is a "low bar" that requires some factual basis, but not great detail. *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016) (citations omitted). Generalized references to a legal doctrine or a

---

[1] Mollica also moved to strike the defendants' answers to her original complaint. ECF No. 11. Her amended complaint mooted that motion. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." (citation and quotation marks omitted)).

[2] Some federal district courts have imposed a higher standard based on an interpretation of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See L.F. by & through Brown v. City of Stockton*, No. 17-01648, 2018 WL 3817558, at *2 (E.D. Cal. Aug. 10, 2018) (collecting authority). The Ninth Circuit has not imposed a higher standard based on those decisions. *See Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he fair notice required by the pleading standards only requires describing the [affirmative] defense in general terms." (citation and quotation marks omitted)). This court has also declined to adopt a higher pleading standard and sees no reason to revisit that decision here. *See L.F.*, 2018 WL 3817558, at *2.

statute normally fall short of this standard unless they rely on a well-known defense whose applicability is clear in context. *See id.* at 992–93.

A defense is insufficient as a matter of law if it is redundant, immaterial, impertinent or scandalous. Fed. R. Civ. P. 12(f). An allegation is "redundant" if it is "needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). An allegation is "immaterial" if there is no essential or important relationship to the pleaded claims or defenses. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). An allegation is "impertinent" if it consists of statements that do not pertain and are unnecessary to the issues. *Id.* An allegation is "scandalous" if it casts a "cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

In addition to these requirements, some courts have required a party moving to strike to show it would suffer prejudice if its motion were denied. *See, e.g.*, *Wynes v. Kaiser Permanente Hospitals*, No. 10-00702, 2011 WL 1302916, at * 12 (E.D. Cal. Mar. 31, 2011) ("[C]ourts often require a showing of prejudice by the moving party . . . ."); *Wolk v. Green*, 516 F. Supp. 2d 1121, 1134 (N.D. Cal. 2007) ("[T]he remedy of striking a pleading should generally be granted only to avoid prejudice to the moving party . . . ."). Although a party who moves to strike can certainly improve its chances of success by showing prejudice would be likely, "Rule 12(f) says nothing about a showing of prejudice." *Houston Cas. Co. v. Crum & Forster Ins. Co.*, No. 16-535, 2016 WL 4494444, at *4 (E.D. Cal. Aug. 25, 2016) (citation omitted)). This court therefore declines to require a showing of likely prejudice as an absolute prerequisite.

### III. ANALYSIS

The defendants all rely on the same thirteen affirmative defenses. The court considers these defenses together, as the analysis is the same for each defendant.

#### A. Qualified Immunity (Affirmative Defense No. 1)

The defendants first assert an affirmative defense based on qualified immunity:

> For any claim under 42 U.S.C. section 1983, at all times mentioned in the First Amended Complaint, employees of Defendants were

3

> acting in good faith and are entitled to qualified immunity, which
> inures to the benefit of any public entity Defendant.

County Defs.' Answer at 6; *see also* Indiv. Defs.' Answer at 6.  This defense gives adequate notice of the individual defendants' intent to argue they are entitled to qualified immunity against claims under § 1983, a commonly litigated and well-understood affirmative defense.  *See, e.g.*, *Devermont v. City of San Diego*, No. 12-01823, 2013 WL 2898342, at *8 (S.D. Cal. June 14, 2013) (denying motion to strike qualified immunity as affirmative defense because it is a familiar, well-established defense in civil rights actions that plaintiffs can "probe" as cases progress).  The motion to strike this defense is denied.

**B.    Reasonable Diligence (Affirmative Defense No. 2)**

The defendants next assert an affirmative defense based on their alleged exercise of "reasonable diligence":

> Defendants allege that in connection with any mandatory duty under state law imposed upon them or employee thereof, by enactment to protect against any particular risk of injury, they or employees thereof exercised reasonable diligence to discharge such duty.

County Defs.' Answer at 6; *see also* Indiv. Defs.' Answer at 6.  This defense targets the complaint's negligence and professional negligence claims.  *See* First Am. Compl. ¶¶ 109–19; *see also* County Opp'n at 7 (confirming this defense applies to these claims).  The defense also is redundant of the elements of those claims, which require a plaintiff to prove the defendant had a duty and breached that duty.  *See Paul v. Patton*, 235 Cal. App. 4th 1088, 1095 (2015) (professional negligence); *Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917 (1996) (ordinary negligence).  A defense that attempts to prove a plaintiff has not carried its burden is not an affirmative defense.  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); L.F. 2018 WL 3817558, at *4.  The motion to strike this defense is granted.

Ordinarily, courts freely grant leave to amend stricken pleadings.  *Wyshak*, 607 F.2d at 826; *Butcher v. City of Marysville*, 398 F. Supp. 3d 715, 728–31 (E.D. Cal. 2019); *see also* Fed. R. Civ. P. 15(a)(2).  But courts may deny leave to amend if "any amendment would be futile." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quotation marks

omitted). Here, no amendment would address the problem described in the previous paragraph; nor is any amendment necessary. The defendants may argue and attempt to prove that they did not violate a duty of care without asserting an affirmative defense. Leave to amend is denied.

**C. California Government Code sections 815 et seq. and 900 et seq. (Affirmative Defenses Nos. 3 and 4)**

The defendants' third affirmative defense cites California Government Code sections 815 and other sections that follow:

> All acts and omissions alleged in the First Amended Complaint, where based in state law, fall within the immunities and defenses described in §§ 815 *et seq.* of the California Government Code.

County Defs.' Answer at 6; *see also* Indiv. Defs.' Answer at 6–7. Under section 815, "Except as otherwise provided by statute[,] . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a). The sections following section 815 define or limit various immunities. *See, e.g.*, *id.* § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

The defendants' fourth affirmative defense mirrors the third; it cites California Government Code sections 900 and others that follow:

> All acts and omissions alleged in the First Amended Complaint, where based in state law, fall within the immunities and defenses described in §§ 900 *et seq.* of the California Government Code.

County Defs.' Answer at 7; *see also* Indiv. Defs.' Answer at 7. Among other provisions, these sections impose various requirements on plaintiffs who assert claims against public entities. *See, e.g.*, Cal. Gov't Code §§ 910–913.2 (describing an administrative claims process).

These defenses are too vague to give fair notice of which immunities which defendants intend to assert against which claims and on the basis of what statutes. *See, e.g.*, *Butcher*, 398 F. Supp. 3d at 730 (granting motion to strike an affirmative defense asserting that plaintiffs' claims fell "within the immunities and defenses described in section 815, *et seq.*, and 900, *et seq.*, of the

5

Government Code"). To give fair notice, a defense based on a statutory provision must normally cite the statute and offer a "brief description" of it. *See, e.g.*, *L.F.*, 2018 WL 3817558, at *4. The motion to strike these defenses is granted. Because an amendment could clarify the defendants' intent, leave to amend is granted.

### D. California Civil Code section 1431.2 (Affirmative Defense No. 5)

The defendants' fifth affirmative defense cites California Civil Code section 1431.2:

> Plaintiff's recovery is barred or reduced proportionately by the careless, negligence, and willful conduct of the Plaintiff and/or third parties, which proximately caused any damage claimed in this action pursuant to California Civil Code § 1431.2.

County Defs.' Answer at 7; *see also* Indiv. Defs.' Answer at 7. Under section 1431.2, in an action for personal injury such as this one, "[e]ach defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount." Cal. Civ. Code § 1431.2(a). This defense gives fair notice that the defendants intend to argue and prove that their liability should be limited in proportion to their fault for any California law claims susceptible to a comparative fault analysis. The motion to strike this defense is denied.

### E. California Civil Code sections 3333.1 and 3333.2 (Affirmative Defense Nos. 6 and 7)

The defendants' sixth affirmative defense cites California Civil Code section 3333.1:

> In the event these answering Defendants are found liable, which these answering Defendants deny and state merely for the purpose of this affirmative defense, these answering Defendants may elect to introduce evidence of any amount paid or payable, if any, as a benefit to Plaintiff and claim credit pursuant to California Civil Code § 3333.1.

County Defs.' Answer at 7; *see also* Indiv. Defs.' Answer at 7. The defendants' seventh affirmative defense is similar, citing California Civil Code section 3333.2:

> In the event these answering Defendants are found liable, which these answering Defendants deny and state merely for the purpose of this affirmative defense, damages for non-economic losses for any

professional negligence/malpractice cannot exceed the amount
specified in California Civil Code § 3333.2.

County Defs.' Answer at 7; *see also* Indiv. Defs.' Answer at 7.

Section 3333.1 permits defendants facing claims of professional negligence to "introduce evidence of any amount payable as a benefit to the plaintiff as a result of the personal injury pursuant to the United States Social Security Act, any state or federal income disability or worker's compensation act, any health, sickness or income-disability insurance, accident insurance that provides health benefits or income-disability coverage, and any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the cost of medical, hospital, dental, or other health care services." Cal. Civ. Code § 3333.1(a). Under section 3333.2, "the amount of damages for noneconomic losses" in an "action for injury against a health care provider based on professional negligence" may not "exceed two hundred fifty thousand dollars." *Id.* § 3333.2(a)–(b).

This defense gives plaintiff fair notice that the defendants intend to rely on the evidence described in section 3333.1 and argue damages should be limited under section 3333.2. In context it also is clear that these defenses relate to the claim for professional negligence. The motion to strike these defenses is denied.

**F.     California Code of Civil Procedure section 667.7 (Affirmative Defense No. 8)**

The defendants' eighth affirmative defense cites California Code of Civil Procedure section 667.7:

> In the event these answering Defendants are found liable, which these answering Defendants deny and state merely for the purpose of this affirmative defense, these answering Defendants may elect to have future damages, if in excess of the amount specified in California Code of Civil Procedure § 667.7, paid in full or in part as specified in California Code of Civil Procedure § 667.7.

County Defs.' Answer at 7; *see also* Indiv. Defs.' Answer at 7. Section 667.7 permits a trial court to enter a judgment requiring certain damages to be paid in periodic payments rather than as a lump sum. *See* Cal. Civ. Proc. Code § 667.7(a). This defense gives fair notice the defendants

/////

may request that future damages awarded to plaintiff under her California law claims be paid periodically or as a lump sum. The motion to strike this defense is denied.

### G. California Civil Code section 1714.8 (Affirmative Defense No. 9)

The defendants' ninth affirmative defense cites California Civil Code section 1714.8:

> Plaintiff's injuries or damages, if any, were a result or caused solely by the natural course of a disease or condition, or were the natural or expected result of reasonable treatment rendered for the disease or condition and Plaintiff's claims herein are barred by California Civil Code § 1714.8.

County Defs.' Answer at 7; *see also* Indiv. Defs.' Answer at 8. Under section 1714.8, "[n]o health care provider shall be liable for professional negligence or malpractice for any occurrence or result solely on the basis that the occurrence or result was caused by the natural course of a disease or condition, or was the natural or expected result of reasonable treatment rendered for the disease or condition." This defense gives fair notice that the defendants may attempt to prove plaintiff's injuries fall within the description provided in the statute and limit their liability to her California law claims. The motion to strike this defense is denied.

### H. California Code of Civil Procedure section 425.13 (Affirmative Defense No. 10)

The defendants' tenth affirmative defense cites California Code of Civil Procedure section 425.13:

> Plaintiff has failed to comply with the California Code of Civil Procedure § 425.13 with respect to her alleged claim for punitive damages against a medical care provider, with respect to any alleged claim against such health care provider under California statutes.

County Defs.' Answer at 7–8; *see also* Indiv. Defs.' Answer at 8. Under section 425.13, "[i]n any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed." Cal. Civ. Proc. Code § 425.13(a).

"Federal district courts have divided on whether § 425.13 applies in federal court." *Est. of Prasad ex rel. Prasad v. Cty. of Sutter*, 958 F. Supp. 2d 1101, 1119 (E.D. Cal. 2013) (collecting

authority).  The Ninth Circuit has not considered the question.  After reviewing the persuasive authority on each side of this divide, this court has previously concluded that section 425.13 conflicts with Federal Rule of Civil Procedure 8(a)(3) and has thus decided that section 425.13 is not applicable in federal court.  *Padilla v. Beard*, No. 14-01118, 2014 WL 6059218, at *10–11 (E.D. Cal. Nov. 12, 2014).  The court declines to revisit that decision here.  The motion to strike this defense is granted without leave to amend; any amendment would be futile.

### I. California Code of Civil Procedure sections 340.5 and 945.6 (Affirmative Defense No. 11)

The defendants' eleventh affirmative defense is based on the statute of limitations for Mollica's state law claims:

> The state law claims as against any against [sic] a health care provider are barred by the applicable statute of limitations, including California Code of Civil Procedure § 340.5 and/or § 945.6.

County Defs.' Answer at 8; *see also* Indiv. Defs.' Answer at 8.  This defense gives fair notice that the defendants intend to argue that plaintiff's state law claims are barred by the limitations provisions in sections 340.5 and 945.6.  *See Wyshak*, 607 F.2d at 827 (holding affirmative defense based on statute of limitations gave fair notice because attached memorandum cited statute in question).  The motion to strike this defense is denied.

### J. Failure to Mitigate Damages (Affirmative Defense No. 12)

In their twelfth affirmative defense, the defendants' allege Mollica did not exercise reasonable diligence to mitigate her damages:

> Plaintiff failed to exercise reasonable diligence so as to mitigate the damages, if any, alleged in the First Amended Complaint and the resultant damages, if any, complained of were directly and proximately caused by the failure, neglect, and refusal of Plaintiff to exercise reasonable diligence and effort to mitigate the damages alleged.

County Defs.' Answer at 8; *see also* Indiv. Defs.' Answer at 8.

A generalized statement such as this gives fair notice of an affirmative defense based on an allegation that plaintiff did not mitigate her damages.  *L.F.*, 2018 WL 3817558, at *3–4.  The motion to strike this defense is denied.

### K. Assumption of Risk (Affirmative Defense No. 13)

In their final affirmative defense, the defendants allege Mollica assumed the risk of injury:

> Based upon information and belief, Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

County Defs.' Answer at 8; *see also* Indiv. Defs.' Answer at 8. This defense is too vague to give fair notice of how the defendants intend to argue or prove that plaintiff assumed any risk. It is stricken. The defendants propose to amend the defense by alleging they did not cause the fall and that Mollica "assumed the risk of injury when falling from the top bunk onto the floor." *See* County Opp'n at 18; Indiv. Def. Opp'n at 19. The theory of this proposed amendment defies common sense. Mollica cannot have assumed the risk of falling while she was falling. Leave to amend is denied.

## IV. CONCLUSION

The motion to strike at ECF No. 11 is **denied as moot**. The motions to strike at ECF Nos. 14 and 20 are **granted in part and denied in part**:

- The motions to strike affirmative defenses 1, 5, 6, 7, 8, 9, 11, and 12 are denied.
- Affirmative defenses 3 and 4 are stricken with leave to amend.
- Affirmative defenses 2, 10, and 13 are stricken without leave to amend.

Any amended answers must be filed **within fourteen days**.

This order resolves ECF Nos. 11, 24, and 30.

IT IS SO ORDERED.

DATED: July 7, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE