UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lia D. Mollica, | No. 2:19-cv-02017-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

The County of Sacramento requests reconsideration of the magistrate judge's order compelling the production of documents.  The County unsuccessfully asserted the protection of the work product doctrine.  As explained in this order, the County did not show the documents in question were prepared in anticipation of litigation, so they were not protected by the work product doctrine.  **The motion for reconsideration is denied.**

I.   **BACKGROUND**

Lia D. Mollica alleges she severely injured her foot after falling from the top bunk of her bed in the Sacramento County Main Jail.  *See generally* Am. Compl., ECF No. 20.  She also alleges she was denied necessary medical care.  *See generally id.*  She asserts claims against the County and others under 42 U.S.C. § 1983, the Rehabilitation Act, the Americans with Disabilities Act, California Government Code section 845.6, the Tom Bane Civil Rights Act, and California tort law.  *See id.* ¶¶ 6–11, 70–119.

1    The case is now in discovery.  The parties have come to the court with a dispute about the

2    County's response to Mollica's second request for production.  She requested "all documents

3    relating to" a citizen complaint she filed against the County before this lawsuit began.  Request

4    for Production No. 2, Merin Decl. Ex. H at 3, ECF No. 38-1.  After citing the identification

5    number of her citizen complaint, Mollica's disputed discovery request offers examples of the

6    types of materials it encompasses: "interviews conducted, statements, correspondence,

7    video/audio recordings, reports, and memos."  *See id.*  The County responded to this request with

8    a lengthy paragraph of objections, many of which are identical to others listed repetitively

9    throughout its response.  *See generally* Responses & Objections, Merin Decl. Ex. I, ECF

10   No. 38-1.  Among other objections, such as vagueness and overbreadth, the County claimed

11   Mollica's request invaded its attorney–client privilege and the work product doctrine.  *See id.* at

12   4–5.  Despite these objections, the County searched for and identified responsive documents.  It

13   withheld them, however, claiming the protection of the attorney–client privilege and the work

14   product doctrine in a privilege log.  *See id.* at 5; Privilege Log, Merin Decl. Ex. J, ECF No. 38-1.

15   Mollica contested the County's objections and argued its privilege log did not give her

16   enough information to evaluate the County's claim of privilege.  *See generally* Merin Letter

17   (Nov. 10, 2020), Merin Decl. Ex. K, ECF No. 38-1.  The County responded, standing by its

18   objections and log.  *See generally* Whitefleet Letter (Nov. 18, 2020), Merin Decl. Ex. L, ECF No.

19   38-1.  Eventually, however, after meeting and conferring with plaintiff's counsel, the County

20   agreed to amend its privilege log.  The parties now dispute two entries in the amended log.  In the

21   first entry, the County claims the protections of the work product doctrine over a document titled

22   "Citizen complaint 2019PSD-0464" dated August 28, 2019, which the amended privilege log

23   describes as "[i]nter-department correspondence prepared in anticipation of litigation, and made

24   in confidence without disclosure to outside parties, regarding investigation into the specific

25   claims that are the subject matter of this lawsuit."  Merin Decl. Ex. P, ECF No. 38-1.  The second

26   entry is a document titled "Civil Claim Review Mollica 2019PSD-0464" dated September 13,

27   2019, which the amended privilege log describes as "[i]nter-department correspondence prepared

28   in the anticipation of litigation, and made in confidence without disclosure to outside parties,

2

1   regarding the summary of the investigation into Lia D. Mollica's citizen complaint." *Id.*  Neither

2   of the two documents was sent from or to an attorney.  *See id.*  In neither entry does the County

3   claim attorney–client privilege.  It argues only that the documents are protected by the work

4   product doctrine.  *See id.*

5         Unsatisfied with the amended log and unpersuaded by the County's assertion of privilege,

6   Mollica moved to compel production of the two documents.  *See generally* Mot. Compel, ECF

7   No. 37.  She challenged the County's vagueness, overbreadth and other objections, argued the

8   amended privilege log did not satisfy the requirements of Rule 26(b)(5)(A), and contested the

9   County's assertion of protection by the work product doctrine.  *See* Joint Discovery Statement at

10   6–15, ECF No. 38.  She also sought an award of her fees.  *See id.* at 21–22.  The County again

11   stood by its objections and privilege assertions, and it opposed the fee request.  *See id.* at 15–21,

12   22–23.

13         The magistrate judge assigned to this matter heard the motion by operation of this

14   District's local rules.  She granted the motion to compel and denied the fee request on the record

15   at a videoconference hearing and confirmed that decision in a short written order "for the reasons

16   set forth on the record" at the hearing.  Minutes, ECF No. 40; Order, ECF No. 41.[1]  The County

17   filed a timely motion for reconsideration by the assigned district judge.  *See* Mot., ECF No. 42.  It

18   claims four errors.  First, it argues the magistrate judge erred by not expressly sustaining or

19   overruling its objections to Mollica's discovery request.  *See id.* at 4–5.  Second, it argues the

20   magistrate judge erred by not explaining whether the amended privilege log complied with Rule

21   26(b)(5)(A).  *See id.* at 7–8.  Third, it argues the magistrate judge acted contrary to law by

22   rejecting its work product claim.  *See id.* at 5–7.  Fourth, it argues the magistrate judge erred by

23   declining to review the disputed documents in camera.  *See id.* at 7.  Mollica opposes, requesting

24   /////

---

[1] There is no transcript of the hearing in the record.  While the County at one point apparently sought to obtain a transcript of the hearing, it did not ultimately do so.  *See* Jeppson Decl. ¶ 10, ECF No. 42-1 ("On March 23, 2021, our office sent a request to [the] Court Reporter [ ] seeking an expedited hearing transcript in time to file this instant reconsideration motion. [The] Court Reporter [ ] informed our office that an expedited transcript could not be provided, as she would be out of the office from March 25, 2021, to April 5, 2021.").

1   sanctions.  *See* Opp'n, ECF No. 43.  Briefing is complete, and this court submitted the matter

2   without a hearing.  *See* Reply, ECF No. 45; E.D. Cal. L.R. 303; Minute Order, ECF No. 44.

3   **II.    STANDARD OF REVIEW**

4          Federal Rule of Civil Procedure 72(a) permits parties to object to a magistrate judge's

5   orders on any nondispositive pretrial matter.  A district court must consider timely objections and

6   "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R.

7   Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f).  These two standards—

8   "clearly erroneous" and "contrary to law"—apply to different aspects of the magistrate judge's

9   order.  The "contrary to law" standard applies to legal determinations.  *See, e.g.*, *Computer Econ.,*

10  *Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Haines v. Liggett*

11  *Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).  Legal questions are considered *de novo*.  *See id.*

12  The "clearly erroneous" standard applies to the magistrate judge's factual determinations and

13  discretionary decisions.  *See id.* (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir.

14  1990)).  A decision is "clearly erroneous" if the district court "is left with the definite and firm

15  conviction that a mistake has been committed."  *Concrete Pipe and Prods. v. Constr. Laborers*

16  *Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S.

17  364, 395 (1948)).  The latter is a "significantly differential" standard of review.  *Id.* at 623.

18  **III.   ANALYSIS**

19         To begin, the magistrate judge did not err by overruling the County's vagueness,

20  overbreadth and other objections without a more detailed explanation of reasons.  The County

21  cites no authority requiring such specificity, and this court is aware of none.  Nor was the

22  magistrate judge's decision to overrule these objections clear error.  Although a request for "all

23  documents relating to" a claim might be unfairly vague and overbroad, that is not always so.  *See,*

24  *e.g.*, *Goose Pond AG, Inc. v. Duarte Nursery, Inc.*, No. 19-2631, 2020 WL 4607279, at *2 (E.D.

25  Cal. Aug. 11, 2020).  Mollica's request here was not unworkably vague or overbroad.  It referred

26  to her citizen's complaint and was specific enough to permit the County to look for and find

27  documents related to that complaint.

28  /////

4

Nor did the magistrate judge err by not explaining in detail why the County's privilege log fell short of the requirements in Rule 26.  Again, the County identifies no authority requiring a more specific explanation than the magistrate judge offered, and again the court is aware of none. In any event, the magistrate judge's decision was also correct.  An assertion of privilege must be accompanied by a description of "the nature of the . . . things not produced or disclosed" that "will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A)(ii).  To evaluate that description, a court considers, among other things, "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged."  *See Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).  At a minimum, a party must offer "some information about the content of the allegedly privileged material."  *Id.* at 1148.  Here, the County did not explain the contents of the disputed documents beyond describing them as "confidential inter-department correspondence" about its investigation of Mollica's claims.  If this were enough, then a litigant could withhold any nonpublic document by reiterating the elements of the work product doctrine.  *See Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, No. 11-3471, 2017 WL 445722, at *9 (E.D. Cal. Feb. 2, 2017) (finding privilege log inadequate because it merely repeated "the *definitions* of attorney client materials" (emphasis in original)). Even the County seems to have realized its amended log fell short.  Rather than relying solely on that log in opposing Mollica's motion, it relied on details provided in a later-filed declaration. *See* Daily Decl., ECF No. 39.

With the support of this late-filed declaration, the County's work product claim—the subject of its third argument for reconsideration—poses a more difficult question than its first two arguments.  The work product doctrine shields documents and tangible things from disclosure if they were prepared (1) "by or for another party or its representative" (2) "in anticipation of litigation or for trial."  Fed. R. Civ. P. 26(b)(3)(A).  The party asserting the protection of this privilege bears the burden to show these requirements are satisfied.  *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003).  The work product protection is not absolute.  The party seeking disclosure may obtain a protected document or tangible thing if the requesting party

1   shows it has a "substantial need" for the protected materials "and cannot, without undue hardship,

2   obtain their substantial equivalent by other means"—assuming, of course, that the document or

3   thing would otherwise be disclosed under the Federal Rules.  Fed. R. Civ. P. 26(b)(3)(A)(i)–(ii).

4   The extent of the work product doctrine's protections is a mixed question of law and fact that this

5   court must consider independently under the "contrary to law" standard.  *See United States v.*

6   *Richey*, 632 F.3d 559, 563 (9th Cir. 2011).  Factual findings, if any, are reviewed for clear error.

7   *See id.*

8           There is no dispute here that County representatives prepared the documents listed in the

9   privilege log.  The parties contest only (1) whether those documents were prepared "in

10  anticipation of litigation" and if so, (2) whether Mollica has a "substantial need" for those

11  documents and would suffer "undue hardship" in obtaining their "substantial equivalent" under

12  Rule 26(b)(3)(A); *compare* Mot. at 5–7 *with* Opp'n at 9–15.  The court begins with the first

13  question:  Were these documents prepared in anticipation of litigation?  The County has not

14  shown they were.  To understand why, it is necessary to describe the origins of those documents

15  in more detail.

16          Mollica alleges she was injured in May 2019.  *See* Am. Compl. ¶ 17.  She filed this action

17  in October 2019.  *See* Compl., ECF No. 1.  Between May and October, she submitted two

18  documents to the County and Sheriff's Department.  First, on August 19, she submitted an

19  administrative claim to the County under the California Government Claims Act.  *See* Merin

20  Decl. ¶ 2 & Ex. A.  A claim under that act is a prerequisite to a lawsuit for "money or damages"

21  against a public entity.  *See State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1239 (2004).

22  She did not cite that claim in her discovery request.  Second, a few days after submitting her

23  administrative claim, she submitted a citizen complaint to the Sheriff's Department under

24  California Penal Code section 832.5.  *See* Merin Decl. ¶ 4 & Ex. C.  That is the citizen complaint

25  she cited in her discovery request.  *See id.* Ex. H at 3.

26          These two documents—the administrative claim and the citizen complaint—started two

27  parallel processes.  The administrative claim started the first.  After the County received that

28  claim, it was forwarded to the County's Risk Management Office.  *See* Daily Decl. ¶ 2.  Mollica

was represented at the time, and her attorney had sent the claim, so the Risk Management Office followed its standard practice and sent a letter to her attorney confirming it had received and was processing her claim. *See id.* ¶¶ 3, 6; Merin Decl. Ex. D, ECF No. 38-1. The County sent that confirmation on August 27, a few days after receiving the claim. Daily Decl. ¶ 6. The County also sent Mollica's claim to its liability claims administrator, and a claims adjuster asked the Sheriff's Department for its response to her claim and allegations. *Id.* ¶ 7. It also sent Mollica's attorney a confirmation that it was investigating. Merin Decl. ¶ 6 & Ex. E. This was on August 29. Daily Decl. ¶ 7; Merin Decl. ¶ 6.

Mollica's citizen complaint began the second process: a mandatory internal investigation within the Sheriff's Department. Every California "department or agency that employs peace officers" must "establish a procedure to investigate complaints by members of the public against personnel of these departments or agencies," Cal. Pen. Code § 832.5(a)(1), and agencies and departments must comply with their policies, *see Galzinski v. Somers*, 2 Cal. App. 5th 1164, 1174 (2016). The Sacramento County Sheriff's Department has established a procedure under this section. *See* General Order, Merin Decl. Ex. B, ECF No. 38-1. The details of this process are not relevant, but the County appears to have followed its written process for the most part in response to Mollica's citizen complaint.

Both of these investigations were ongoing when County representatives created the two documents listed in its privilege log. *See* Am. Privilege Log, Merin Decl. Ex. P. It would not be clearly erroneous to conclude that both documents were prepared to further both investigations, that is, that they were each prepared for two purposes. On the one hand, both documents identify the citizen complaint in their titles, and the County identified both documents in response to Mollica's discovery request, which named only the citizen complaint. *See* Merin Decl. Ex. I at 4–5; Privilege Log, Merin Decl. Ex. J; Am. Privilege Log, Merin Decl. Ex. P. On the other hand, Mollica does not contest the County's claim that the documents were generated in response to a request from the County's claims adjuster during the investigation of her administrative claim. *See* Daily Decl. ¶ 7. As noted above, Rule 26 protects against disclosure only if a document was prepared in anticipation of litigation. *See Richey*, 632 F.3d at 568.

7

1    The citizen complaint was not investigated in anticipation of litigation.  Documents a law

2    enforcement agency creates routinely, regardless of potential litigation, are not created in

3    anticipation of litigation; they are created in the ordinary course of business.  California district

4    courts are united in this conclusion.  *See, e.g.*, *Myles v. Cty. of San Diego*, No. 15-1985,

5    2016 WL 2343914, at *9–11 (S.D. Cal. May 4, 2016); *Anderson v. Marsh*, 312 F.R.D. 584,

6    592–93 (E.D. Cal. 2015); *Miller v. Pancucci*, 141 F.R.D. 292, 303 (C.D. Cal. 1992); *Kelly v. City

7    of San Jose*, 114 F.R.D. 653, 659 (N.D. Cal. 1987).  For that reason, a law enforcement agency's

8    documentation of an internal affairs investigation following a citizen complaint is not protected

9    work product.  *See, e.g.*, *Myles*, 2016 WL 2343914 at *9; *Anderson*, 312 F.R.D. at 593;

10    *Miller*, 141 F.R.D. at 303; *Kelly*, 114 F.R.D. at 659.

11    Mollica's administrative claim, by contrast, cannot be analyzed so categorically.  "Many

12    courts have struggled" to decide whether and how the work product privilege applies to insurance

13    files and investigations.  *Garcia*, 214 F.R.D. at 593.  "[A] more or less routine investigation of a

14    possibly resistible claim is not sufficient to immunize under the work product rule an

15    investigative report developed in the ordinary course of business." *Id.* (other alterations omitted)

16    (quoting *Janicker v. George Washington Univ.*, 94 F.R.D. 648, 650 (D.D.C. 1982)).  "This is

17    especially true when there is no evidence in the record that an attorney was hired at the time of

18    the investigation or that an attorney requested the preparation of a document." *Id.*  Some

19    insurance investigations, however, might be conducted with an eye toward litigation.  *See id.* at

20    594–95.

21    Here, no evidence shows the County had decided to accept or reject Mollica's claim when

22    its representatives were preparing the two disputed documents.  Nor had the County's insurance

23    adjuster made any decision.  No attorney was involved in their preparation at all; the County had

24    not yet retained counsel or issued a litigation hold.  By all appearances, the documents were

25    created in the ordinary course of the County's business.  *See id.* at 593–94 (finding interviews by

26    claims adjuster not conducted in anticipation of litigation because claims had not yet been

27    rejected and no attorney had been retained).  The County has not carried its burden to show the

28    documents are protected work product.

1     The County cites two cases to advocate the opposite conclusion, but neither supports its

2     position.  In the first, *Garcia*, quoted extensively above, the court found that some files were

3     protected and others were not.  *See id.* at 593–95.  The protected materials in that case had been

4     created after the plaintiff's claims had been rejected and when the circumstances showed there

5     was little hope of any course but litigation.  *See id.* at 594–95.  Similarly, in the second case, the

6     disputed documents had been created after counsel had been retained and after a federal agency

7     had informed the client of a pending investigation against it.  *See In re Grand Jury Subpoena*

8     (*Mark Torf / Torf Env't Mgmt.*), 357 F.3d 900, 905 (9th Cir. 2004).  Some of the documents had

9     even been created at the attorney's request "for the purpose of assisting [the client] in preparing a

10    legal defense."  *Id.*  Here, the County, in contrast with the litigants in both *Garcia* and *Torf*, has

11    not presented evidence that it knew litigation was likely at the time the two disputed documents

12    were created.  It had not even decided whether to accept or reject the claims against it and had not

13    retained an attorney.  The County does not claim the documents were created at an attorney's

14    request.

15    The County also argues the court should decide whether the documents were created

16    "because of" the potential for litigation even if they were also created for other purposes.  *See*

17    Reply at 5–6.  This argument refers to a test a court uses when disputed materials were created for

18    more than one purpose, at least one of which was in anticipation of litigation.  *See Richey*,

19    632 F.3d at 568 (citing *Torf*, 357 F.3d at 908).  That test is inapplicable here.  The County has not

20    shown the disputed documents were created in anticipation of litigation at all.  Even if it had

21    satisfied that burden, the dual purpose test would lead to the same conclusion.  When a document

22    was not prepared exclusively in anticipation of litigation, then the work product rule protects

23    against disclosure if the document "can fairly be said to have been prepared or obtained because

24    of the prospect of litigation" given the document's nature and the totality of the surrounding

25    circumstances.  *Richey*, 632 F.3d at 568.  Here, the nature and totality of the surrounding

26    circumstances show the documents were not prepared with an eye toward litigation.  The County

27    was investigating a claim in the ordinary course of its business.  No dispute had arisen.

28    /////

9

1    Because the County has not shown the two documents listed in its privilege log contained

2    protected work product, it is unnecessary to decide whether Mollica would be entitled to their

3    production based on a "substantial need" under Rule 26(b)(3)(A)(ii).  The court thus rejects the

4    County's argument that the magistrate judge erred by declining to review the two documents *in*

5    *camera* to decide whether they revealed the "mental impressions" of its investigators.  *See* Mot. at

6    7; Reply at 7–8.  A review of that kind is necessary only if a court orders the production of work

7    product under Rule 26(b)(3)(A).  *See* Fed. R. Civ. P. 23(b)(3)(B) (imposing protections "[i]f the

8    court orders discovery of *those materials*," i.e., the protected work product described in the

9    preceding subsection (emphasis added)); *see also Upjohn Co. v. United States*, 449 U.S. 383, 400

10   (1981) ("Rule 26 accords special protection *to work product* revealing the attorney's mental

11   processes." (emphasis added)).

## IV.   CONCLUSION

13   The motion for reconsideration is **denied**.

14   Mollica's request for sanctions is also **denied**.  Reasonable people could disagree whether

15   the County's motion was appropriate, so its position was "substantially justified" under the terms

16   of Federal Rule of Civil Procedure 37(a)(5)(A)(ii).  *See Pierce v. Underwood*, 487 U.S. 552, 565

17   (1988); *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982), *overruled on*

18   *other grounds by Cunningham v. Hamilton Cty*, 527 U.S. 198, 204 (1999).

19   This order resolves ECF No. 42.

20   IT IS SO ORDERED.

21   DATED:  February 1, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE