1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9           FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   Lia D. Mollica,                              No. 2:19-cv-02017-KJM-DB
12                     Plaintiff,                 ORDER
13         v.
14   County of Sacramento, et al.,
15                     Defendants.
16

17         Plaintiff Lia D. Mollica alleges she sustained severe injuries while incarcerated in the

18   Sacramento County Main Jail but was wrongfully denied medical treatment.  *See generally* Am.

19   Compl., ECF No. 20.  The Magistrate Judge granted her motion to compel responses to several

20   written discovery requests, and the County moves for reconsideration.  *See* MJ Order, ECF

21   No. 51.  The matter is fully briefed and was submitted without a hearing.  *See generally* Mot.

22   Recons., ECF No. 54; Opp'n, ECF No. 55.  As explained in this order, the motion to reconsider is

23   **denied**.

24         Federal Rule of Civil Procedure 72(a) permits parties to object to a magistrate judge's

25   orders on any nondispositive pretrial matter.  A district court must consider timely objections and

26   "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R.

27   Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). These two standards—

28   "clearly erroneous" and "contrary to law"—apply to different aspects of the magistrate judge's

                                       1

order.  The "contrary to law" standard applies to legal determinations.  *See, e.g.*, *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).  Legal questions are considered de novo.  *See id.*  The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions.  *See id.* (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)).  A decision is "clearly erroneous" if the district court "is left with the definite and firm conviction that a mistake has been committed."  *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  The latter is a "significantly differential" standard of review.  *Id.* at 623.

The County requests reconsideration on three points:

**1. Interrogatory No. 8.**  In this interrogatory, Mollica asked the County to identify "each complaint/grievance of jail staff's alleged failure to provide medical care . . . from May 4, 2018 to May 4, 2020."  MJ Order at 2 (alteration in original).  The Magistrate Judge found this request was relevant, not vague, and not unduly burdensome.  *Id.* at 2–4.  The County argues this decision was "manifestly unjust" because the interrogatory requests personal and private information, because it does not protect the rights of third parties, and because it is unduly burdensome.  *See* Mot. Recons. at 5–6.  The magistrate judge did not clearly err.  First, motions to redact or file under seal and confidentiality designations are the proper tools to protect the private and sensitive personal information that might be disclosed by responses to this interrogatory.  Second, as Mollica argues without objection, the County waived or forfeited this argument in proceedings before the Magistrate Judge.  *See* Opp'n at 4.  Third, the Magistrate Judge did not clearly err by concluding the County will not suffer an undue burden.  The County has not substantiated its argument that the necessary searches will be burdensome, for example by explaining how many records it must review, how long that review will take and cost, and such.  It has only asserted the burden would be undue.

**2. Requests for Production Nos. 48–57.**  The Magistrate Judge considered some of these requests separately, but the County relies on the same arguments in its current motion.  *See* MJ Order at 4–5.  Mollica asked the County to produce documents related to several lawsuits about

1    other alleged failures to provide medical care.  *See id.*  The Magistrate Judge found these requests

2    were relevant to Mollica's *Monell* claim but limited the County's production obligation to the

3    investigations it conducted while Mollica was incarcerated.  *See id.*  The County argues the

4    lawsuits and investigations are irrelevant because they do not relate to "a failure to provide timely

5    outpatient orthopedic surgery for a fractured heal [sic]" and because those lawsuits might not

6    have resulted in any "finding of unconstitutional conduct."  Mot. Recons. at 7.  The Magistrate

7    Judge did not clearly err by concluding these requests are relevant.  Mollica claims the County

8    has a policy or practice of providing inadequate medical care in the Main Jail.  Evidence about

9    how the County responded in other cases of allegedly inadequate medical care may lead to the

10   discovery of relevant information about its practices and policies for providing healthcare to

11   detainees.  The County also contends the requests are unduly burdensome.  *Id.*  Again, it has not

12   proven searches would in fact be unduly burdensome, but rather has only asserted that claim.

13        **3. Requests for Production Nos. 58 and 59.**  Mollica requested the production of two

14   individual defendants' personnel files.  *See* MJ Order at 5.  The Magistrate Judge granted this

15   request.  *Id.*  First, the defendants agreed "performance evaluations and disciplinary records"

16   could be relevant, and second, "the remaining documents" such as "educational records, letters of

17   recommendation, letters of commendation, etc., were relevant measures of the employees'

18   "caliber."  *Id.*  The defendants request either clarification that they need only produce those items

19   the Magistrate Judge specifically listed or, in the alternative, an order relieving them of their

20   obligation to produce anything but the listed documents.  *See* Mot. Recons. at 8–9.  They also

21   argue the personnel files include private and irrelevant information.  *See id.*  The Magistrate

22   Judge did not err by determining that confidentiality designations can protect the defendants'

23   privacy.  *See* MJ Order at 5.  Nor did the Magistrate Judge err by concluding personnel records

24   were relevant.  A review of the defendants' personnel records will likely to lead to the discovery

25   of admissible evidence about the defendants' credibility or the County's decisions to adopt or

26   ratify their actions.

27   /////

28   /////

1          The motion to reconsider is **denied**.

2          IT IS SO ORDERED.

3     DATED:  October 19, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE