UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lia D. Mollica, | No. 2:19-cv-02017-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

This court's standing order requires attorneys to meet and confer with one another before they file motions. *See* Standing Order at 3, ECF No. 3-1. Attorneys who intend to file motions must "discuss thoroughly the substance of the contemplated motion and any potential resolution." *Id.* "Counsel should discuss the issues sufficiently so that if a motion of any kind is filed, including for summary judgment, the briefing is directed only to those substantive issues requiring resolution by the court." *Id.* If a motion is necessary after meeting and conferring, the moving party must include a certification by an attorney "that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts." *Id.* (emphasis omitted). With respect to the motion pending in this case, the court is unwilling to excuse non-compliance with its standing order.

Meeting and conferring saves time and money for all involved—if done correctly. Productive discussions spare both the moving and opposing party the time they would otherwise

have devoted to writing unnecessary or ineffective arguments.  *See, e.g.*, *Am. Career Coll., Inc. v. Medina*, No. 21-698, 2021 WL 5263866, at *2 (C.D. Cal. Apr. 15, 2021).  Clients also usually save money when attorneys save time.  The court as a whole also benefits.  It is no secret this District has long faced a widely publicized caseload crisis.  *See, e.g.*, *United States v. Amezcua*, No. 93-05046, 2022 WL 7693153, at *1 n.2 (E.D. Cal. Oct. 13, 2022) (apologizing "for the excessive delay" caused by the "court's overwhelming caseload" and "the long-standing lack of adequate judicial resources in this district").  When attorneys resolve disputes informally to the extent they can, they allow judges to give their attention only to those disputes remaining and to other cases.  In this way, other litigants also benefit when attorneys meet and confer effectively.  *See, e.g., Parker v. It's a Laugh Prods.*, No. 09-2442, 2009 WL 10671983, at *7 (C.D. Cal. May 28, 2009) (noting conservation of both "judicial resources" and "the parties' resources").

This court also requires attorneys to meet and confer to encourage them to develop and maintain professional working relationships, and at a minimum, to help keep the lines of communication open.  If at all possible, adversaries should not be enemies.  Attorneys should communicate professionally and effectively at all times, not just before they file motions.  All else equal, effective communication also makes discovery more just, speedier, and inexpensive.  *See* Fed. R. Civ. P. 1.  The same is true of scheduling and status conferences, settlement conferences, trial preparation, and the trial itself.

The court understands that a pre-filing conference may not avoid or even significantly narrow every motion.  Sometimes the law is uncertain.  Sometimes the evidence is mixed.  If so, then it may be enough to simply identify the dispute and agree to disagree.  But litigants must treat meet-and-confer requirements "as a substitute for, and not simply a formalistic prerequisite to, judicial resolution."  *Nev. Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993).  Attorneys are not excused from their obligation to meet and confer simply because they believe meeting and conferring would probably not moot an anticipated motion.  "Our history is replete with examples of traditional enemies working out their differences by way of peaceful negotiation and resolution."  *Townsend v. Superior Ct.*, 61 Cal. App. 4th 1431, 1438 (1998).

/////

In this case, on the morning of the last day a summary judgment motion could be filed, John Whitefleet, the attorney representing the defendants, sent his opposing counsel an email. *See* Merin Decl. ¶ 20 & Ex. R, ECF No. 68-3; *see also* Stip. & Order, ECF No. 65 (setting motion hearing deadline); E.D. Cal. L.R. 230(b) (detailing process and schedule for filing motions in civil cases). "We have previously mentioned the intent to file summary judgment, and will be doing so," he told them. Merin Decl. Ex. R. He saw "no utility in belaboring the issues." *Id.* Based on his "past discussions on this case," he did not believe his opposing counsel "would entertain a dismissal of any defendant or claims." *Id.* "[B]ut I suppose I can always be surprised." *Id.* That afternoon, without having received any response, Mr. Whitefleet filed a motion for summary judgment on his clients' behalf. ECF No. 67. He certified he had complied with the court's requirement to meet and confer. *See id.* at 2.

The plaintiff, Lia Mollica, opposed the motion for the most part. *See generally* Opp'n, ECF No. 68. She agreed, however, to dismiss one of her claims, for professional negligence. *See id.* at 20. She also argued the defendants had not satisfied their obligation to meet and confer. *Id.* at 8. The defendants responded in a footnote in their reply, arguing that meeting and conferring would have been pointless: "Plaintiff tellingly opposes almost every issue raised by Defendants save the state law professional negligence claim, which was not a complex or lengthy part of the motion, and cites to nothing that would have avoided the motion." Reply at 1 n.1, ECF No. 70.

A curt, dismissive email sent on the morning of the last day to file a motion for summary judgment, declaring a motion for summary judgment will soon be filed, does not satisfy an attorney's obligation to meet and confer under this court's standing order. The email here served none of the purposes outlined above and spared the defendants no effort. Their motion was almost certainly in its final stages by the time Mr. Whitefleet sent his email. Nor did the email give Mollica's counsel any meaningful chance to consider the defense arguments. Mr. Whitefleet did not summarize the motion he planned to file. Even if he had, his timing left no chance for meaningful consideration and discussion.

The defendants have not explained why previous discussions at other points in the case's history related to their motion or why they have demonstrated conclusively that meeting and

3

conferring would be pointless. The footnote in the defendants' reply betrays their misunderstanding of the purpose of meeting and conferring. One reason for the requirement is to permit plaintiffs to consider withdrawing or dismissing a claim or defendant. But another is to allow plaintiffs an opportunity to identify faults in a defendant's motion, and to do it in a less formal and less confrontational setting than on the public docket.

The court has reviewed the parties' briefs in support of and opposition to the defendants' motion for summary judgment. They show the parties have not exhausted efforts to meet and confer, with respect to more than just the professional negligence claim. Based on a preliminary review, the court observes that defendants' arguments for summary judgment with respect to at least some of Mollica's other claims also are properly subject to full meet and confer.

For those reasons, the court orders as follows:

- The motion for summary judgment (ECF No. 67) is **stricken** for failure to comply with the court's standing order, and the hearing previously set for November 4, 2022 is **vacated**. *See, e.g.*, *James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indem. Ins. Co.*, No. 16-01155, 2016 WL 9223782, at *1 (C.D. Cal. Sept. 12, 2016) (striking summary judgment motion for failure to meet and confer); *cf. Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

- Defense counsel is **ordered to show cause within seven days of the filed date of this order** why the court should not impose monetary sanctions in the amount of the plaintiff's fees and costs incurred opposing the stricken motion for summary judgment.

- **By November 18, 2022 at 5 p.m.**, the parties are directed to meet and confer in person or by videoconference with the goal of narrowing the disputes outlined in the briefs at ECF Nos. 67-1, 68, and 70. The parties must meaningfully assess the relative strengths and weaknesses of their positions in light of all available information. **By December 2, 2022 at 5 p.m.**, the parties are directed to file a

4

joint status report briefly summarizing their discussion.  If further motion practice is necessary, the parties may propose a new schedule for briefing and a hearing on summary judgment.  In the alternative, **within seven days of the filed date of this order**, the parties may request a referral to the court's Voluntary Dispute Resolution Panel or to a settlement conference before a Magistrate Judge of this court.  If the parties so request, they will be automatically relieved of their obligation to meet and confer and file the joint status report required above.

IT IS SO ORDERED.

DATED: October 26, 2022.

CHIEF UNITED STATES DISTRICT JUDGE