UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lia D. Mollica, | No. 2:19-cv-02017-KJM-DB |
| Plaintiff, | FINAL PRETRIAL ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

On July 21, 2023, the court conducted a final pretrial conference. Mins., ECF No. 99. Mark Merin appeared for plaintiff Lia Mollica. John Whitefleet appeared for defendants County of Sacramento, Sacramento County Sheriff's Department, Scott Jones, Tammy Morin and Nancy Gallagher. After hearing, and good cause appearing, the court makes the following findings and orders:

**JURISDICTION AND VENUE**

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343(a)(3) and 1367. Venue is proper under 28 U.S.C. § 1391(b) because the alleged events occurred within this division and district. Jurisdiction and venue are not contested.

**JURY / NON-JURY**

Both parties request a jury trial. Nine (9) jurors will be impaneled.[1]

**JOINT STATEMENT OF THE CASE**

Plaintiff Lia Mollica sustained a broken foot while incarcerated at the Sacramento County Jail. Plaintiff alleges that Defendants County of Sacramento, Sheriff Scott Jones, Dr. Tammy Morin and Nurse Nancy Gallagher unconstitutionally delayed surgery for her foot to an outside provider. Plaintiff asserts violations of the Eighth Amendment pursuant to 42 U.S.C. Section 1983, violations of the Americans with Disabilities Act, Rehabilitation Act and various state law claims. Defendants deny any violations of federal and state law.

**UNDISPUTED FACTS**

The parties do not agree on which facts are undisputed. The court has compared the parties' competing statements and finds the following facts are undisputed:

1. On May 4, 2019, plaintiff Lia D. Mollica was incarcerated at the Sacramento County Main Jail.
2. On May 8, 2019, plaintiff sustained a fracture to her left foot.
3. While plaintiff was in custody, Dr. Tammy Morin was the medical director for Correctional Health Care for County Department of Health Services.
4. Nancy Gallagher was a case management nurse at the Sacramento County Jail; one of her duties was to facilitate appointments at San Joaquin General Hospital, which is contracted by the County to provide orthopedic care for inmates at the jail.
5. Plaintiff was referred to San Joaquin General Hospital for an Orthopedic Surgery Consult, who recommended surgery.
6. Plaintiff was released from custody before obtaining surgery.

/////

---

[1] The court has reviewed information regarding the impact of COVID-19 on the availability of jurors and based on the information currently available finds impaneling nine jurors will be appropriate.

**DISPUTED FACTUAL ISSUES**

The court has compared the parties' competing statements and finds the following facts are disputed:

1. Whether plaintiff can establish defendants Morin and Gallagher violated the Eighth Amendment pursuant to 42 U.S.C. section 1983;
   a. Whether defendants were deliberately indifferent to plaintiff's serious medical needs by delaying necessary orthopedic care and treatment;
   b. Whether plaintiff needed to consult an orthopedic doctor for surgery consultation and have surgery immediately;
   c. Whether defendants knew of plaintiff's circumstances and serious medical needs;
   d. Whether surgery was in fact ever scheduled;
2. Whether plaintiff can establish the County violated the Eighth Amendment pursuant to 42 U.S.C. section 1983 and the elements of *Monell*;
   a. Whether the County and Sacramento County Sheriff's Department maintain a custom or practice of delaying orthopedic care;
3. Whether Plaintiff sustained any compensable injuries and/or damages arising out of the allegations asserted in the Complaint and, if so, in what amount; and
4. Whether plaintiff is entitled to punitive damages.

Plaintiff argues the following facts are also disputed:

1. Whether plaintiff was able to walk without the assistance of crutches for four to six months after her surgery;
2. Whether plaintiff could walk without a limp for at least another year after her surgery;
3. Whether plaintiff still occasionally has a limp and has limited range of motion in her foot; and
4. Whether the rehabilitation time and loss of range of motion in her foot would have been less if she had had surgery earlier.

/////

Defendants argue the following factual issues are also disputed:

1. Whether defendants Morin or Gallagher are entitled to qualified immunity.
2. Whether plaintiff can establish the County violated the Rehabilitation Act (29 U.S.C. § 701, et seq) ("RA") or the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.)
3. Whether plaintiff can establish the elements of a claim for violation of Civil Code section 52.1;
4. Whether plaintiff can establish the elements of intentional infliction of emotional distress;
5. Whether plaintiff can establish the elements of negligence;
6. Whether state immunities apply to state claims; and
7. Whether plaintiff mitigated damages and to what extent.

**SPECIAL FACTUAL INFORMATION**

This is a tort action for personal injury. *See* E.D. Cal. L.R. 281(b)(6)(iv).

**DISPUTED EVIDENTIARY ISSUES**

Plaintiff has filed the following motions *in limine* (ECF No. 96):

1. A motion *in limine* to preclude evidence of plaintiff's criminal/arrest history;
2. A motion *in limine* to preclude evidence of post-incident injuries and treatment; and
3. A motion *in limine* to bifurcate/phase liability and compensatory damages determinations by the jury.

Defendants have filed the following motions *in limine* (ECF No. 94):

1. A motion *in limine* preventing plaintiff from testifying about whether any delay at jail caused her foot to improperly set or her range of motion will never recover;
2. A motion *in limine* to prevent introduction of any medical or mental health records not previously produced;
3. A motion *in limine* to prevent introduction of non-retained experts save Drs. Le, McMahon, Forsyth and Vando;

/////

4. A motion *in limine* to prevent introduction of any evidence that future medical or mental health care is necessary and/or to prevent any treating physician to testify regarding future care or causation;

5. A motion *in limine* to prevent plaintiff's expert witness Dr. Jouganatos from testifying to certain matters;

6. A motion *in limine* to prevent introduction of third-party inmate grievances and/or investigations not of this case;

7. A motion *in limine* to preclude plaintiff from proceeding on Monell theories of failure to train and/or ratification;

8. A motion *in limine* precluding all witnesses who have not yet testified from the courtroom; and

9. A motion *in limine* precluding introduction of defendants Morin and Gallagher's personnel file.

In addition, defendants' Trial brief will include argument that plaintiff is not entitled to penalties or treble damages under Civil Code section 52.1.

**MOTIONS *IN LIMINE***

The parties have already submitted the motions *in limine* listed above. Defendants seek to file an additional motion *in limine* regarding the settlement/consent decree in *Mays v. County of Sacramento*, Case No. 18-cv-02081. *See* Stip., ECF No. 100. In accordance with the parties' stipulation, defendants may file the additional motion *in limine*. The motion **shall be filed no later than September 1, 2023.**

A hearing is set for **September 22, 2023 at 10:00 a.m.** before the undersigned, at which the court will hear oral arguments on defendants' **third motion *in limine*:** motion to prevent introduction of non-retained experts save Drs. Le, McMahon, Forsyth and Vando. Plaintiff has already filed her opposition. *See* Opp'n, ECF No. 97. Defendants' reply, if any, shall be filed within **seven (7) days** of the filed date of this order.

/////

/////

5

Oppositions to all the remaining motions shall be filed no later than **September 15, 2023**. Reply briefs, if any, shall be filed by **September 25, 2023.** The court will resolve the remaining motions *in limine* on the morning of the first day of trial.

**RELIEF SOUGHT**

Plaintiff seeks compensatory, general, special, and exemplary/punitive damages. Plaintiff computes the damages to which it she is entitled to be approximately $1,500,000, and the civil penalties to which it is entitled to be approximately $100,000 based on pain, suffering, emotional distress, medical expenses, and lost wages/opportunities associated with the injuries sustained by plaintiff. Plaintiff seeks punitive damages, to be assessed by a jury. Plaintiff also seeks to recover attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, and/or Cal. Code Civ. Proc. § 1021.5.

Defendants seek dismissal and attorney fees pursuant to 42 U.S.C. § 1988.

**POINTS OF LAW**

The parties have alerted the court to their positions regarding the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court **no later than seven days prior to the date of trial** in accordance with Local Rule 285.

**ABANDONED ISSUES**

1. Plaintiff previously voluntarily dismissed the 42 U.S.C. § 1983 claim against Scott Jones, and the professional negligence claim against Tammy Morin and Nancy Gallagher. *See* ECF No. 77 at 2.
2. The court previously dismissed plaintiff's failure to summon medical care claim under California Government Code section 845.6. *See* ECF No. 93 at 22–24.

**WITNESSES**

Plaintiff's witnesses are listed in Exhibit A. Defendants' witnesses are listed in Exhibit B. Each party may call any witnesses designated by the other.

/////

/////

A. The court will not permit any other witness to testify unless:

  (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

  (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

  (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

  (2) The court and opposing parties were promptly notified upon discovery of the witness;

  (3) If time permitted, the party proffered the witness for deposition; and

  (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**EXHIBITS, SCHEDULES AND SUMMARIES**

Plaintiff's exhibits are identified in Exhibit C. At trial, plaintiff's exhibits shall be listed numerically. Defendants' exhibits are identified in Exhibit D. At trial, defendants' exhibits shall be listed alphabetically, first A, B, C, etc., then AB, AB, AC, etc., then BA, BB, BC, and so on through ZZ. The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

/////

The parties must exchange exhibits no later than **twenty-eight days before trial**. Any objections to exhibits are due no later than **fourteen days before trial**.

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;

2. The court and the opposing parties were promptly informed of their existence;

3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**DISCOVERY DOCUMENTS**

Plaintiff may offer the following discovery documents:

1. Deposition Transcript of Nancy Gallagher (03/04/2021)
2. Deposition Transcript of Tammy Morin (03/04/2021)
3. Deposition Transcript of Lia Mollica (03/01/2022)
4. Defendant County of Sacramento's Response to Plaintiff's Request for Admission, Set One (06/04/2020)

/////

    5. Defendant Scott Jones' Response to Plaintiff's Request for Admission, Set One (06/04/2020)

    6. Defendant County of Sacramento's Response to Plaintiff's Interrogatories, Set One (07/01/2020)

    7. Defendant County of Sacramento's Response to Plaintiff's Interrogatories, Set Two (08/17/2020)

    8. Defendant County of Sacramento's Amended Response to Plaintiff's Interrogatories, Set One (12/22/2020)

    9. Defendant County of Sacramento's Response to Plaintiff's Interrogatories, Set Three (03/11/2021)

    10. Defendant County of Sacramento's Response to Plaintiff's Interrogatories, Set Four (06/07/2021)

Defendants may offer the following discovery documents:

    1. Plaintiff' Responses to Interrogatories (10/11/21)

    2. Plaintiff's Responses to Request for Production of Documents

    3. Plaintiff's Initial Disclosures

    4. Plaintiff's Supplement production of Documents

    5. Deposition Transcript of Lia Mollica (03/01/2022)

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

**FURTHER DISCOVERY OR MOTIONS**

Discovery is closed.  The only planned motions are motions *in limine*, for which the court set a schedule above.

**DEPOSITION TRANSCRIPTS**

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

**STIPULATIONS**

None.

**AMENDMENTS AND DISMISSALS**

The parties have no amendments or dismissals.

**SETTLEMENT**

A virtual Settlement Conference is **SET for October 30, 2023 at 9:30 AM before Magistrate Judge Carolyn K. Delaney.** The parties are instructed to have a principal with full settlement authority present at the settlement conference or to be fully authorized to settle the matter on any terms. The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face-to-face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. The parties are directed to submit confidential settlement conference statements to the court using the following email address: ckdorders@caed.uscourts.gov. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e). Such statements are due at least 7 days prior to the Settlement Conference. Upon submission of confidential settlement statements, each party shall file on the docket a "Notice of Submission of Settlement Conference Statement.

**SEPARATE TRIAL OF ISSUES**

Defendants submit liability and damages should be bifurcated. Plaintiff does not believe that a separate trial of issues is feasible and advisable. The court **declines** to bifurcate the trial at this time. Because one of plaintiff's motions *in limine* is about bifurcation, *see* ECF No. 96, the court will revisit this issue on the first day of trial alongside the parties' motions *in limine*.

**IMPARTIAL EXPERTS OR LIMITATIONS OF EXPERTS**

Not applicable.

/////

**ATTORNEYS' FEES**

Prevailing parties are entitled to an award of reasonable attorney's fees under 42 U.S.C. § 1988. Under Local Rule 293, each party seeking attorneys' fees shall file a regularly noticed motion **no later than twenty-eight days after entry of final judgment**. Both parties may oppose such motions.

**TRIAL DATE AND ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **December 5, 2023 at 9 A.M.** in Courtroom Three before the Honorable Kimberly J. Mueller. Trial is anticipated to last **5 to 7 days**. The parties are directed to Judge Mueller's trial schedule outlined on her web page on the court's website.

**PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

The parties shall file any proposed jury voir dire seven days before trial. Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

/////

1 | **OBJECTIONS TO THIS ORDER AND CONCLUSION**

2 |       Each party is granted **fourteen (14) days** from the date of this order to file objections to
3 | the same.  If no objections are filed, the order will become final without further order of this
4 | court.
5 | DATED:  August 22, 2023.

                                                       CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**Plaintiff's Witness List**

1. Lia Mollica; c/o 1010 F Street, Suite 300, Sacramento, CA 95814
2. Scott Jones; c/o 350 University Ave., Suite 200, Sacramento, CA 95825
3. Tammy Morin; c/o 350 University Ave., Suite 200, Sacramento, CA 95825
4. Nancy Gallagher; c/o 350 University Ave., Suite 200, Sacramento, CA 95825
5. George A. Jouganatos, Ph.D.; 2001 T Street, Sacramento, CA 95811
6. Mai Bach Tran, D.O.; Kaiser Permanente, 2345 Fair Oaks Blvd., Sacramento, CA 95825
7. Brigitte Lee Berry, M.D.; U.C. Davis Medical Group, 3160 Folsom Blvd., Sacramento, CA 95816
8. Phong H. Le, D.P.M.; Northern California Orthopaedic Associates, 75 Scripps Dr., Sacramento, CA 95825
9. Grant Nugent, M.D.; Rio Consumnes Correctional Center, 12500 Bruceville Road, Elk Grove 95757
10. Dr. Casey; San Joaquin General Hospital, 500 W. Hospital Road., French Camp, CA 95231
11. David Saito, P.T.; Kaiser Permanente, 1650 Response Rd., Sacramento CA 95815
12. Kerry F. McMahon, M.D.; U.C. Davis Medical Group, 2315 Stockton Blvd., Sacramento, CA 95817
13. Alice Kim, D.O.; San Joaquin General Hospital Clinics, 500 W. Hospital Rd., French Camp, CA 95231
14. John M. Dowbak, M.D.; San Joaquin General Hospital Clinics, 500 W. Hospital Rd., French Camp, CA 95231
15. Robert Padilla, M.D.; Rio Cosumnes Correctional Center, 12500 Bruceville Rd., Elk Grove, CA 95757
16. Justin Weiss, M.D.; American Correctional Solutions, Inc., 741 E. Ball Rd., Ste. 101, Anaheim, CA 92805

17. Wayne Tran, M.D.; 1205 E. N St., Manteca, CA 95336
18. Mario P. Sattah, M.D.; 1205 E. N St., Manteca, CA 95336
19. Monivirin Son, M.D.; Sacramento County Main Jail, 651 I St., Sacramento, CA 95814
20. Soni Nageswaran, M.D.; Rio Cosumnes Correctional Center, 12500 Bruceville Rd., Elk Grove, CA 95757
21. Jessica Vando, Ph.D.; 2627 Capitol Ave. #9, Sacramento, CA 95816
22. Aram Mkrtchyan; Rio Consumnes Correctional Center, 12500 Bruceville Rd., Elk Grove, CA 95757
23. Timothy Robinson; Rio Consumnes Correctional Center, 12500 Bruceville Rd., Elk Grove, CA 95757
24. Rod Eiland; Rio Consumnes Correctional Center, 12500 Bruceville Rd., Elk Grove, CA 95757
25. Joshua Yago; Rio Consumnes Correctional Center, 12500 Bruceville Rd., Elk Grove, CA 95757
26. Robert Carrier; Rio Consumnes Correctional Center, 12500 Bruceville Rd., Elk Grove, CA 95757
27. Angel Carrion; Rio Consumnes Correctional Center 12500 Bruceville Rd., Elk Grove, CA 95757
28. Alejandro Cardenas Cruz; Rio Consumnes Correctional Center, 12500 Bruceville Rd., Elk Grove, CA 95757
29. Tammy Vasquez; Rio Cosumnes Correctional Center, 12500 Bruceville Rd., Elk Grove, CA 95757
30. Nicolas Brynelson; Rio Consumnes Correctional Center, 12500 Bruceville Rd., Elk Grove, CA 95757+

# EXHIBIT B

**Defendants' Witness List**

1. Lia Mollica
2. Scott Jones
3. Tammy Morin
4. Nancy Gallagher
5. Nicole Harper or Tianna Hammock, or the appropriate substitute or successor, to speak to Health policies and medical and case management records at the jail
6. Lieutenant Kionna Rowe or the appropriate substitute or successor, to speak to jail policies
7. Sheriff Records Officer Michelle Shelman or the appropriate substitute or successor, to speak to conditions of release of Plaintiff including calculation of sentence, and Plaintiff's custody file

# EXHIBIT C

## Plaintiff's Exhibit List

1. Mollica medical records/notes (DEFS 00001–DEFS 00383)
2. SCSD policies/orders (DEFS 00384–DEFS 00404)
3. Mollica grievances (DEFS 00405–DEFS 00408)
4. Mollica inmate file (DEFS 00409–DEFS 00479)
5. Mollica video (DEFS 00480)
6. Mollica medical records/notes (DEFS 00481–DEFS 00489)
7. Mollica medical records/notes (DEFS 00490–DEFS 00493)
8. Mollica classification file (DEFS 00494–DEFS 00533)
9. SCSD inmate kites/grievances/complaint (DEFS 00534–DEFS 00606)
10. Morin/Gallagher performance review (DEFS 00607–DEFS 00634)
11. Mollica medical records/notes (DEFS 00635–DEFS 00654)
12. Mollica government claim file (DEFS 00655)
13. Mollica citizen complaint file (DEFS 00656–DEFS 00662)
14. SCSD grievance summary (DEFS 000663–DEFS000702)
15. Shekarlab investigation (DEFS 00703–DEFS 00704)
16. Mayfield investigation (DEFS 00705–DEFS 00732)
17. Scott investigation (DEFS 00735–DEFS 00740)
18. Morin personnel file (DEFS 00741–DEFS 00754)
19. Gallagher personnel file (DEFS 00755–DEFS 00779)
20. SCSD inmate kites/grievances/complaint (DEFS 000780–DEFS 008309)
21. Mollica journal (LDM 1–LDM 33)
22. Mollica grievances (LDM 34–LDM 47)
23. Mollica medical records (LDM 48–LDM 67)
24. Mollica tax documents 2013, 2014, 2015, 2017, 2018, 2019, 2020

/////

/////

25. Mollica medical records, including from: Correctional Health Services; San Joaquin General Hospital; Mercy San Juan Medical Center; U.C. Davis Medical Center; Northern California Orthopaedic Associates; and Kaiser Permanente

26. *Mays v. County of Sacramento*, Case No. 18-cv-02081; expert reports, consent decree, and monitoring reports

**EXHIBIT D**

**Defendants' Exhibit List**

1. Excerpts from Plaintiff's jail medical file and/or case management file

2. Excerpts from Plaintiff's custody file

3. Sacramento County Sheriff's Department Operations Orders identifying policies with regards to: Health Care Services, Psychiatric Services, Healthcare Treatment Access, Medical Intake Screening, Medication Distribution, Kites, and Grievances, as identified in Defendants' Rule 26 Initial Disclosures See Operations Orders 10/01 ("Health Care Services" DEFS00384-387), 10/02 ("Psychiatric Services" DEFS00388-389) and 10/03 ("Healthcare Treatment Access" DEFS00390-393)