UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lia D. Mollica, | No. 2:19-cv-02017-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

On July 21, 2023, the court held a final pretrial conference in this case which is set for trial starting December 5, 2023. Mins. Final Pretrial Conf., ECF No. 99. During the conference, the court discussed with the parties their pending motions *in limine*. Defendants requested the court resolve their third motion *in limine*—to prevent introduction of non-retained experts— before the parties' settlement conference in front of the magistrate judge. *See* Mot., ECF No. 94. In light of that request, the court set a briefing schedule for that motion and set it for hearing on September 22, 2023. *See* Final Pretrial Order at 5, ECF No. 104. Plaintiff filed an opposition, Opp'n, ECF No. 97, and defendants have replied, Reply, ECF No. 105. The court **denies the motion without prejudice**.

I.     BACKGROUND

Plaintiff Lia Mollica alleges defendants violated her Eighth Amendment right to be free from cruel and unusual punishment when defendants delayed surgery on her foot, which she

1

injured while detained in defendants' facility. On February 27, 2020, plaintiff made her initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A)(i) listing "unknown" jail and correctional health services staff and employees, but omitting the names of any treating physicians. Initial Disclosures, Defs.' Ex. A at 4–5, ECF No. 94-1.[1] In her disclosures, she notes the unidentified jail and correctional health services staff and employees had "[k]nowledge of personal injuries sustained" and knowledge of communications requesting accommodation, medical care and treatment. *Id.* On October 11, 2021, in response to defendants' interrogatories asking her to identify all healthcare providers who treated her for physical, mental or emotional injuries, Mollica listed only Dr. Le, Dr. Vando, U.C. Davis Medical Center, Wellspace and Kaiser Permanente. Resp. to Interrogs. at 15–16, Defs.' Ex. B, ECF No. 94-1. For the first two facilities, Mollica directed defendants to "dates and names on paperwork[.]" *Id.* at 15. Defendants reviewed the paperwork and found the names of only two other treating physicians: Dr. McMahon and Dr. Forsyth. Mot. at 5. Mollica did not supplement or correct her initial or written discovery disclosures. Reply at 3; *see* Opp'n at 8.

On July 8, 2022, the final day for expert disclosures, Mollica disclosed a total of seventeen treating physicians as non-retained expert witnesses. Expert Disclosures, Pl.'s Ex. A at 1–3, ECF No. 97-1 (including the previously disclosed four physicians); Joint Stip. & Order at 2, ECF No. 65. Expert discovery closed on August 20, 2022. Joint Stip. & Order at 2. Defendants now move to exclude the previously undisclosed experts under Rule 37(c)(1). Mot. at 5.

Specifically, defendants move "to prevent introduction of non-retained experts save Drs. Le, McMahon, Forsyth and Vando[.]" Mot. at 8. Defendants base their argument on two grounds: first, they argue the thirteen non-retained experts were not disclosed during initial disclosures and in response to interrogatories as required by Federal Rule of Civil Procedure 26, and second, they argue their expert testimony would be redundant or duplicative. *Id.* Plaintiff opposes and argues 1) she did timely disclose, and 2) defendants do not explain which expert testimony is redundant and why. Opp'n at 8–9.

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

As noted, the court held a hearing on the motion on September 22, 2023. Mins. Hr'g, ECF No. 110. Paul Masuhara appeared for plaintiff and John Whitefleet appeared for defendants. *Id.* At hearing, plaintiff agreed the thirteen providers challenged by defendants would not testify as experts, but solely as fact witnesses. In light of plaintiff's modified position, the court directed the parties to meet and confer and file a joint statement outlining their respective positions within seven days. *Id.* The parties have now filed separate statements outlining their positions. Pl.'s Statement, ECF No. 111; Defs.' Statement, ECF No. 112.

**II.    LEGAL STANADRD**

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Under Rule 26(a)(1)(A)(i) "a party must, without awaiting a discovery request, provide to the other parties: (i) the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). Additionally, Rule 26(e) requires parties to supplement or correct their disclosures or responses to discovery "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

Under Federal Rule of Evidence 403, a court may also exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**III.    ANALYSIS**

    **A.    Plaintiff Did Not Comply With Rule 26**

Defendants argue Mollica's non-retained experts are subject to the Rule 37(c)(1) exclusion sanctions for plaintiff's violation of Rules 26(a) and (e). Specifically, they argue: 1) plaintiff did not disclose the non-retained experts during initial disclosures, 2) plaintiff did not supplement her discovery responses to identify the non-retained experts, and 3) the expert

disclosures did not include enough information to put defendants on notice as to the experts' opinions and the factual basis of their testimony. Mot. at 5–6; Reply at 3–4.

As noted, plaintiff has now withdrawn the thirteen medical providers as non-retained experts and states they "shall testify solely as fact witnesses relating to Plaintiff's treatment and their personal observations." Pl.'s Statement at 2. Therefore, plaintiff argues, defendants' motion should be denied because they seek to exclude only expert witness testimony and not fact witness testimony. *Id.* at 3. Plaintiff's last-minute attempt to change her position will not preclude review of whether these witnesses can be excluded under Rule 37 for failure to comply with Rule 26.

First, plaintiff did not comply with initial disclosure requirements. Although defendants do not develop their argument well, to the extent Mollica knew the non-retained experts were likely to have discoverable information, Rule 26(a)(1)(A)(i) required Mollica to disclose their names and the subject of the discoverable information. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) ("Compliance with Rule 26's disclosure requirements is 'mandatory.'" (citation omitted)). Mollica initially listed "Unknown Sacramento County Jail staff/employees" and "Unknown Correctional Health Services staff/employees" who had knowledge of plaintiff's injuries and communications requesting accommodation, medical care and treatment while incarcerated. *See* Initial Disclosures at 4–5. Plaintiff at the same time disclosed copies of medical records that identified some of her treating physicians. *Id.* at 5; Opp'n at 8. However, Mollica did not comply with Rule 26(a)(1)(A)(i) to the extent she did not disclose at the time the names she did know for her treating physicians in her initial disclosures. Mot. at 5; Defs.' Ex. A at 4–6; *see also Goins v. County of Merced*, No. 13-01245, 2015 WL 3991628, at *7 (E.D. Cal. June 30, 2015) (finding treating physician to be person with discoverable information under Rule 26(a)(1)(A)(i) in case involving claim of physical or mental injury). Although plaintiff disclosed medical records that identified some of these physicians, defendants were not responsible for sifting through those records "to predict which treating physicians are going to testify[.]" *Korhonen v. Sentinel Ins. Ltd.*, No. 13-00565, 2015 WL

2185365, at *5 (D. Nev. May 8, 2015).  Plaintiff "cannot shift [her] discovery responsibilities" onto defendants.  *Id.*

Second, Mollica did not disclose or identify the non-retained expert witnesses in her responses to defendants' interrogatories.  Defendants' interrogatory number thirteen asked Mollica to "identify all healthcare providers with whom you have treated for your injury[.]"  Resp. to Interrogs. at 15, Defs.' Ex. B (emphasis omitted).  Although plaintiff disclosed some of her treating physicians and medical records, it was not until her expert disclosures that plaintiff identified thirteen other treating physicians who were not identified by name in her interrogatory responses.  Mot. at 5; Expert Disclosures at 2–3.  Although plaintiff correctly argues her "medical providers' identities were disclosed in [her] medical records," Opp'n at 8, as noted, defendants were not responsible for uncovering potential witnesses, *see Korhonen*, 2015 WL 2185365, at *5.  Because she did not correct or supplement her responses, she did not comply with Rule 26(e).  Fed. R. Civ. P. 26(e)(1) (requiring party to make timely corrections or supplements to discovery disclosures).

Third, for the first time in reply, defendants argue plaintiff did not comply with Rule 26(a)(2)(C), which requires disclosures of non-retained experts to include "the subject matter on which the witness is expected to present evidence . . . ; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Reply at 3 (citing Fed. R. Civ. P. 26(a)(2)(C)).  The court does not reach this argument because defendants have waived the issue by raising it for the first time on reply.  *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived.").  Moreover, as noted, plaintiff no longer seeks to present these witnesses as non-retained experts.

**B.     The Exception to Rule 37(c)(1) Default Exclusion Sanction Applies**

Notwithstanding plaintiff's noncompliance with initial disclosure requirements and her duty to supplement disclosures and discovery responses, Rule 37(c)(1)'s default exclusion sanction does not apply if the failure to disclose was substantially justified or is harmless.  Fed. R. Civ. P. 37(c)(1).  The burden is on the disclosing party to show the failure to disclose information or witnesses was substantially justified or harmless.  *Yeti by Molly, Ltd. v. Deckers Outdoor*

5

*Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).  In some cases, courts in this circuit, including this court, have strictly construed the burden on the noncompliant party and have applied the exclusion sanction automatically if the party's arguments are unpersuasive or if they fail to argue the exception altogether.  *See, e.g.*, *Dwyer v. City of Chico*, No. 18-01554, 2022 WL 2659090, at *1 (E.D. Cal. June 8, 2022) (finding exclusion "automatic" because party did not show failure was substantially justified or harmless); *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) ("[I]f the noncompliant party fails to argue harmlessness, a district court need not hold a sua sponte hearing on that issue before imposing Rule 37(c)(1)'s default sanction.").  However, the Ninth Circuit has recently held it is an abuse of discretion to not consider whether a party's noncompliance with Rule 26 was harmless or substantially justified before imposing sanctions.  *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022).

Courts apply a four-factor test in determining whether a faulty disclosure is substantially justified or harmless.  *See id.*  These four factors are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence."  *Id.* (citations omitted).  The Ninth Circuit entrusts the district courts with "particularly wide latitude" in exercising discretion to impose Rule 37(c)(1) sanctions or not, *Yeti by Molly, Ltd.*, 259 F.3d at 1106, taking account of these factors.

The first factor is neutral.  Although defendants may have experienced some prejudice, they did not experience complete surprise.  The identities of all the medical providers who treated Mollica while she was incarcerated were included in medical records defendants themselves produced during discovery and had in their possession.  *See* Mashura Decl. Ex. B–I, ECF No. 111-1; Opp'n at 8.  Mollica also disclosed medical records that identified other treating physicians, who appear on plaintiff's expert disclosure list, who treated her after she was released.  *See* Resp. to Interrogs. at 15–16; Mashura Decl. Ex. J–L; *see, e.g.*, *Goins*, 2015 WL 3991628, at *7 ("[T]he responding party may be absolved of its duty to serve a supplemental initial disclosure under Rule 26(e) if the other parties have learned through other means the identities of individuals with discoverable information[.]").  Moreover, even though Mollica did not describe the nature of

6

their testimony, she disclosed the names of the individuals not provided in her initial and written fact discovery responses, while expert discovery was still open. Expert Disclosures at 3; Joint Stip. & Order at 2. Defendants received Mollica's expert disclosures on July 8, 2022. Expert Disclosures. Expert discovery continued until August 20, 2022, affording defendants time to challenge the sufficiency of disclosures, subpoena records and depose the non-retained experts, or request more time to do so. Joint Stip. & Order at 2. In one unpublished case, the Ninth Circuit found no "surprise" where the untimely disclosed information was available three weeks before the cut-off date for expert discovery, and more than seven months before the trial date. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). Here, notwithstanding Mollica's untimely and incomplete disclosures, expert discovery was open for six weeks, defendants knew the identity of these witnesses for more than a year before trial, and defendants did not have to "make last-minute preparations and decisions on the run." *Cf. Ollier*, 768 F.3d at 863.

The second and third factors favor plaintiff, considering the landscape retrospectively at least. Defendants could have sought to cure any surprise or prejudice from Mollica's untimely disclosure during expert discovery or alternatively requested an extension of the discovery deadlines. Defendants had sufficient time to object to plaintiffs' failure to previously identify these witnesses during initial disclosures or in response to interrogatories once they received plaintiff's expert disclosures; they also could have challenged the sufficiency of the disclosures. More to the point given plaintiff's last-minute maneuver to redesignate those identified as fact witnesses, the court can offset any prejudice by allowing additional discovery prior to trial. With respect to the third factor, the non-retained expert witnesses were not disclosed on the "eve of trial." The likelihood of disruption of trial is low. In sum, application of the first three factors, taking account of the discovery cure still available, supports a finding of harmlessness.

The fourth factor also weighs in favor of plaintiff and against exclusionary sanctions because it does not appear Mollica's untimely disclosures were in bad faith or were willful, even if careless and incomplete. *See Beecham v. Roseville City Sch. Dist.*, No. 15-01022, 2017 WL 4038360, at *4 (E.D. Cal. Sep. 13, 2017). Defendant conceded this much during hearing. On

balance the four factors weigh in favor of plaintiff and finding that Mollica's discovery violations fall into Rule 37(c)(1)'s overall harmlessness exception.

### C. Defendants Do Not Show the Expert Testimony Would be Redundant.

Defendants also argue the testimony of the witnesses would be redundant or duplicative of the testimony from the non-contested experts. Mot. at 5–6. On the current record, the court cannot conclude the testimony would be needlessly cumulative at this time. Although all the contested witnesses will be testifying about plaintiff's medical history, injuries and treatment, *see* Expert Disclosures at 2, it appears each witness has treated plaintiff at a different time and thus may have different knowledge about the injury and course of treatment, Masuhara Decl. Ex. A at 9–10 (chart of witnesses, treatments provided, date of treatment, appearance on documents, and expected testimony); s*ee also Cantu v. United States*, No. 14-00219, 2015 WL 12743881, at *7 (C.D. Cal. Apr. 6, 2015) (declining to find expert testimony will be needlessly cumulative because the information each witness would rely on is distinct—i.e., the doctors examined plaintiff at different times and relied on some different medical records). The court declines to exclude the witnesses based on this ground.

### D. Additional Discovery as Cure For Any Prejudice

Fundamentally, plaintiff's failure to comply with Rule 26 "should not work to her strategic advantage." *Carrillo v. B & J Andrews Enters., LLC*, No. 11-01450, 2013 WL 394207, at *8 (D. Nev. Jan. 29, 2013). In light of plaintiff's last-minute withdrawal of the contested witnesses as non-retained experts and in the interests of justice, the court will limit the trial testimony of any challenged witness to "observations or opinions that stem from the individual witnesses' own observations or treatment rendered." *Id.* Additionally, the court will grant defendants the ability to take limited discovery in the form of focused depositions of the challenged witnesses plaintiff plans to call at trial. The cost of the depositions shall be borne by plaintiff. *See, e.g.*, *Jalowsky v. Provident Life & Accident Ins. Co.*, No. 18-279, 2020 WL 3639727, at *5 (D. Ariz. July 6, 2020) (imposing costs of additional deposition on the party who failed to make timely expert disclosure). The parties shall meet and confer and agree to a schedule for any additional depositions defendants wish to take, and the time needed, with the

depositions to be completed in time for trial.  Plaintiff may decide to voluntarily remove some or all the contested witnesses from her witness list.

To the extent defendants in reply request the court prevent the calling of any other new witnesses listed on plaintiff's list of witnesses for trial, Reply at 3 n.3; *see* Defs.' Statement at 3; Pl.'s Statement at 5, the court declines to do so at this time as those witnesses were not within the scope of defendants' motion, *see* Mot. at 5; *Graves*, 623 F.3d at 104.  Defendants may seek to preclude such witnesses from testifying through a motion on the first day of trial or objections during trial.

## IV.   CONCLUSION

For the reasons and on the conditions set forth above, the court **denies defendants' third motion *in limine*.**  The parties shall jointly submit a final list of witnesses they plan to call no later than **fourteen (14) days** prior to trial.

IT IS SO ORDERED.

DATED:  October 12, 2023.

CHIEF UNITED STATES DISTRICT JUDGE